In the Matter of DONALD L. CROWLEY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, January 19, 1979

**APPEARANCES OF COUNSEL**

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*Avery B. Robinson* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to the practice of law by this court on November 12, 1958. This proceeding was commenced on October 10, 1978 on the petition of the Grievance Committee of the Seventh Judicial District, charging respondent with four specifications of professional misconduct as follows:

FIRST, that in 1974 and 1975 while serving as an attorney for the coexecutors of the will of C. Arthur Frey, deceased, respondent received from them signed checks or bank drafts in blank drawn on an estate bank account, upon his representation that he would use them in paying necessary estate expenses; that he filled in the name of the payee and the amount upon some of such checks for unauthorized and nonestate purposes; but that all sums so withdrawn were repaid to the estate before the filing of the petition herein.

SECOND, that respondent was retained as attorney for the executrix of the will of Bertha M. Burger, deceased; that the executrix complained that respondent failed to answer her inquiries concerning the status of the estate and failed to distribute moneys amounting to about $3,700 due to some legatees; but before the filing of the petition herein such moneys were properly distributed.

THIRD, that respondent was retained as attorney for the executrix of the will of Helen G. Brereton, deceased, to handle and complete the estate and file the necessary Federal and State estate tax returns; that he failed to respond to inquiries by the executrix concerning the status of such proceedings and failed to file such returns in due time, resulting in the assessment of interest and penalties. That respondent did complete the filing of such returns and paid the interest and penalties due thereon and completed the estate before the filing of the petition herein.

FOURTH, that respondent was retained as attorney for the executor of the will of Salvatore J. Quagliata, deceased, to handle and complete the estate and file all of the necessary Federal and State estate tax returns; that he failed to file them on time, so that interest and penalties were assessed in the sum of $338.98; that thereafter respondent completed the estate and paid such interest and penalties.

Respondent violated canons 6 and 7 of the Code of Professional Responsibility in that he neglected legal matters en-

trusted to him and failed to carry out contracts of employment to the immediate damage of his clients, and violated canon 9 of the Code of Professional Responsibility in that he failed to preserve the identity of funds and property of his clients as required by subdivisions (A) and (B) of rule DR 9-102 of the Disciplinary Rules. Before the institution of these proceedings respondent rectified all of the above infractions.

In December, 1975 he was appointed County Attorney for Wayne County, a full-time position, and since then has served credibly in that office. For several years he has been a dedicated member of the Board of Education of the Newark Central School District. Considering these facts, we suspend respondent from the practice of law for a period of two years and until the further order of this court.

MARSH, P. J., MOULE, CARDAMONE, SIMONS and DILLON, JJ., concur.

Order of suspension entered.