In the Matter of JAMES E. CROTTY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 16, 1979

### APPEARANCES OF COUNSEL

*David E. Brennan* for petitioner.

*Robert M. Murphy* and *Thomas P. McMahon* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the practice of law by this court on March 27, 1969. This proceeding was commenced on May 11, 1979 on the petition of the Grievance Committee of the Eighth Judicial District. In the petition respondent was charged with violating canons 1, 6 and 9 of the Code of Professional Responsibility and section 155.35 of the Penal Law of New York. The charge arose as a result of respondent

retaining client's funds derived from the sale and transfer of certain real property located at 371 Crescent Avenue in Buffalo, New York. Upon the sale of this real property, respondent, who had been retained by complainant, deposited the proceeds in his own bank account on August 17, 1978. Thereafter, despite repeated requests, he failed promptly to remit the proceeds owing to his client. From August 20, 1978 to the date of the petition, respondent's bank account did not contain sufficient funds to pay the balance due and owing to his client. Respondent admits these allegations set forth in the petition.

With his answering papers, respondent filed an affidavit from the complainant which would indicate that his principal concern was with respondent's failure to respond to his and his wife's numerous telephone calls. The calls were initiated, of course, for the purpose of obtaining the funds belonging to complainant and which remained in respondent's hands. Moreover, the affidavit dated May 28, 1979 was executed after complainant had received the moneys due him and was made "in view of the long family ties". However, complainant's sworn testimony was given before petitioner, Grievance Committee of the Eighth Judicial District on January 2, 1979 before the balance of the $4,500 due was paid over. That testimony clearly indicates that the complainant, without consulting other counsel, went on his own to petitioner to complain about respondent's failure to remit these proceeds owed to him from the sale of his real estate. We find that respondent violated canons 1, 6 and 9 of the Code of Professional Responsibility.

Respondent has repaid the proceeds and has no record of any prior misconduct. In view of these facts, we suspend respondent from the practice of law for a period of two years and until further order of this court (see *Matter of Schutrum,* 70 AD2d 143; *Matter of Crowley,* 66 AD2d 164; *Matter of Benzinger,* 66 AD2d 426).

CARDAMONE, J. P., SIMONS, HANCOCK, JR., SCHNEPP and WITMER, JJ., concur.

Order of suspension entered.